ROBERT G. DREHER
ACTING ASSISTANT ATTORNEY GENERAL, ENRD
STACEY H. MITCHELL
CHIEF, ENVIRONMENTAL CRIMES SECTION
J. RONALD SUTCLIFFE, IDAHO STATE BAR NO. 6236
SENIOR TRIAL ATTORNEY
ENVIRONMENTAL CRIMES SECTION

WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
MARC HAWS, IDAHO STATE BAR NO. 2483
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
800 E. PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1413

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  vs.<br><br>OWYHEE CONSTRUCTION INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

**RULE 11 PLEA AGREEMENT**

## I.     GUILTY PLEA

**A.     <u>Summary of Terms</u>.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive indictment and plead guilty to Count One of the Information, which charges the defendant with Failure to Report a Release as required by the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9603(a).

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement. Upon acceptance of the defendant's guilty plea(s), and the defendant's full compliance with the other terms of this Agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will make the recommendations set forth in this Plea Agreement.

**B.     <u>Corporate Representative</u>.**   The defendant agrees to have a representative appear who is duly authorized by the management of the defendant corporation to: speak for the corporation; enter a plea for corporation; and to appear for imposition of sentence. The defendant further agrees to provide to the Government and the Court written evidence, in the form of a notarized resolution of its managers, with both notary and corporate seals, certifying that the representative so designated is authorized to plead guilty to the Information in this case and to enter into and comply with all provisions of the Plea Agreement. The resolution shall further certify that the representative is authorized to take these actions and that all corporate formalities, including but not limited to approval by corporate management, required for such authorization

---

1 The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho and the Department of Justice, Environment and Natural Resources Division.

have been observed.

      C.    **Oath**.  The corporate defendant's representative will be placed under oath at the plea hearing. The Government may use any statement that the representative makes under oath against the representative in a prosecution for perjury or false statement.

## II.    WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

      The defendant understands that by pleading guilty, the defendant waives the following rights: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; and 5) the right to present evidence and to compel the attendance of witnesses. If the District Court accepts the defendant's guilty plea, there will be no trial.

## III.    NATURE OF THE CHARGES

      A.    **Elements of the Crime.**  The elements of the crime of Failure to Report a Release of a Hazardous Substance, as charged in Count One, are as follows:

    1.    The defendant was a person/corporation in charge of a facility;

    2.    A hazardous substance was released from the facility into the environment;

    3.    The release was not permitted;

    4.    The release was in an amount equal to or greater than the reportable quantity for that hazardous substance; and

-3-

5.      The defendant failed to immediately notify the appropriate agency of the United States Government as soon as the person/corporation became aware of the release.

B.      **Factual Basis.**  Defendant, Owyhee Construction Incorporated, (OCI) assigned an onsite supervisor (operator), a work foreman and numerous employees to a project in Orofino, Idaho, known as the Riverside Water and Sewer District Phase III Water System Improvement Project ("Project"). The Project involved the renovation of the City of Orofino's water lines during the spring through fall of 2009 and the spring of 2010. Existing waterlines were known to contain cement asbestos pipe ("CAP") up to 5,000 linear feet, according to contract documents. During the Project, employees with the knowledge of onsite management, crushed or cut CAP causing the CAP to become regulated asbestos-containing material (RACM). Employees also removed some RACM from trenches.

Defendant's employees caused the disposal at locations on private property in Orofino of RACM removed from trenches during the Project in amounts exceeding the reportable quantity for releases of asbestos under CERCLA. No one from OCI notified the National Response Center or any other governmental agency of the release.

IV.   **SENTENCING FACTORS**

A.      **Penalties.**  A violation of 42 U.S.C. § 9603(a), as charged in Count One, is punishable by a maximum fine of $500,000, and a special assessment of $100.

B.      **Fines and Costs.**  The Court may impose a fine.  The parties agree to recommend a fine in the amount of $100,000, payable over two years in quarterly payments of $12,500.

C.      **Special Assessment.**  The defendant will pay the $100 special assessment before

sentencing and will furnish a receipt at sentencing. Payment will be made to the United States

District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort

Street, Fourth Floor, Boise, Idaho 83724.

  **D.** **Restitution.** In addition to any fine or costs imposed, the Court may order the

defendant to pay restitution equal to the loss caused to any victim of the charged offense pursuant

to any applicable statute.  The United States Environmental Protection Agency (EPA) has

incurred $3.9 million in response costs for cleanup of the CAP at the various locations in and

around the city of Orofino.  The defendant has not reimbursed the EPA for the cleanup costs.  The

Government is seeking restitution in the amount of $2.5 million.  The Government and the

defendant are aware that the EPA is attempting to recover its cleanup costs from the defendant

and other potentially responsible parties through a separate civil enforcement action.  The

Government and the defendant agree that restitution by the defendant pursuant to this Plea

Agreement will be paid only upon completion of that civil enforcement action and in an amount

to be determined in that civil enforcement action.  If it is determined through the civil

enforcement action that the defendant's share of EPA's cleanup costs is less than the amount of

restitution sought by the Government in this Plea Agreement, then the defendant shall only be

required to pay restitution in the amount determined in the civil enforcement action.

**V.** **UNITED STATES SENTENCING GUIDELINES**

  **A.** **Application of Sentencing Guidelines.** The Court must consider the United States

Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553.

The defendant agrees that the Court may consider "relevant conduct" in determining a sentence

pursuant to USSG § 1B1.3.

The Court is not a party to this Plea Agreement. The Plea Agreement does not bind the Court's determination of the Sentencing Guidelines. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

**B.      Sentencing Guidelines Recommendations and Requests.**

**1.      Acceptance of Responsibility.**

If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under USSG § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under USSG § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

**2.      Government and Defendant Recommendation.**

In addition to the fine detailed in Section IV.B above, the parties agree to recommend probation for a period of three years. The conditions of probation the Government will request are:  the defendant shall timely pay any fine or restitution as set out in IV.B and IV.D; pursuant to USSG § 8B2.1 the defendant shall establish an effective compliance and ethics program to be approved by the Government; commit no further criminal or civil violations of federal, state or local environmental laws.

**3.      Downward Departure or Variance Request by Defendant.**

Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

**VI.      WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS**

**A.**      In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

**B.**     Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occurs; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

1.     the sentence imposed by the District Court exceeds the statutory maximum;

2.     the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

3.     the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this Agreement and relieves the Government of its obligations in this Agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of

guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII.   NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX.   CONSEQUENCES OF VIOLATING AGREEMENT

**A.   Government's Options.**  If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation to do the following: 1) make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement.  Such charges may be brought without prior notice.  In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this Agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this Agreement.

**B.   Defendant's Waiver of Rights**.  If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the

offense(s) to which the defendant entered a plea of guilty or which were dismissed under this Agreement.  In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

## X.    MISCELLANEOUS

A.    **No Other Terms**.  This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho and the Environment and Natural Resources Division of the Department of Justice. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

B.    **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on February 12, 2014.

## XII.   UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement.  I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

_____          feb 14, 2014
D. Marc Haws                                              Date
Assistant United States Attorney

_____          2-13-14
J. Ronald Sutcliffe                                       Date
Senior Trial Attorney, USDOJ, ENRD

## XIII.   ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights.  No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this Agreement constitutes a formal plea offer from the Government. Any oral discussions by me or my counsel with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea.  I am satisfied with my attorney's advice and representation in this case.

_____     2-11-14
Corporate Representative                          Date
Defendant Owyhee Construction Inc.

I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately sets forth the entirety of the Agreement.  I have conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 2012 WL 932020 (U.S. March 21, 2012).  I understand that this Agreement constitutes a formal plea offer from the Government.  Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer.  Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded.  I concur in my client's decision to plead guilty as set forth above.

_____     2/12/14
Richard Stover                                       Date
Attorney for the Defendant

-12-